UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BARRY DANIELS,                                                    CASE NO.: 1:12-cv-162

       Petitioner,                                              Barrett, J.
                                                                  Litkovitz, M.J.
  v.

WARDEN, CORRECTIONAL
RECEPTION CENTER,

       Respondent.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report") (Doc. 11).[1] The Report recommends that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied with prejudice, that Petitioner be denied a certificate of appealability, and that Petitioner be denied leave to appeal in forma pauperis. (Doc. 11, p. 14).

The parties were given proper notice pursuant to Federal Rule of Civil Procedure 72(b), including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).[2] After being granted an extension of time, Petitioner timely filed his Objections to the Report. (Doc. 17).

**I.     BACKGROUND**

The procedural background and the pertinent facts have been adequately summarized in the Report (*see* Doc. 11), and thus, will not be repeated here. Where necessary in addressing the objections, the Court will identify the facts relevant to its decision.

---

[1] All document citations are to the Court's docket entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 11, p. 15).

1

## II. STANDARDS OF REVIEW

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1976)).

The applicable standard of review governing the adjudication of the constitutional issues raised by Petitioner to the state courts is set forth in 28 U.S.C. § 2254(d) and is thoroughly and accurately explained in the Magistrate Judge's Report. (Doc. 11, pp. 6-9). That explanation of the standard of review for this federal habeas case is hereby incorporated by reference.

## III. ANALYSIS

The Court interprets Petitioner's pro se Objections to be: 1) the Magistrate Judge erred in determining that the Ohio Court of Appeals' adjudication of Petitioner's constitutional claim challenging the sufficiency of the evidence was neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), because the conflicting evidence is insufficient to show "sexual conduct" or the knowing touching of "the genitalia of another, when the touching is not through

clothing," which each is required to convict him under the Ohio laws governing rape and gross sexual imposition, respectively; (2) the Magistrate Judge erred by not granting him a certificate of appealability to proceed on Ground One of his petition; and (3) the Magistrate Judge erred by not granting him leave to proceed in forma pauperis on appeal. (Doc. 17).[3] Each objection is addressed separately below.

###### A. First Objection – Ground One of Petition

The Magistrate Judge correctly stated (Doc. 11, p. 9) that the clearly-established standard of review for evaluating the merits of constitutional claims challenging the sufficiency of the evidence was established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979). As the Due Process Clause requires the State to prove beyond a reasonable doubt every element necessary to constitute the charged offense, the relevant question for assessing the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). As the Magistrate Judge explained (Doc. 11, p. 10), the trier of fact resolves conflicts in the testimony, weighs the evidence, and draws reasonable inferences from the evidence. *Jackson*, 443 U.S. at 319. The reviewing court is not permitted to re-weigh the evidence, re-evaluate the credibility, make subjective determinations of guilt or innocence, or otherwise substitute its opinion for that of the jury. *See id*. at 318-19 & n. 13.

Federal habeas review of a claim challenging the sufficiency of the evidence is even further limited. The federal habeas court must defer not only to the trier of fact's findings as required by *Jackson*, but must also "defer to the state appellate court's sufficiency determination

---

[3] The Magistrate Judge considered only Ground One in the Report, noting that Petitioner had expressed a desire to no longer proceed with Ground Two or Ground Three of his petition. (Doc. 11, p. 5). Petitioner has not disputed the Report on that basis. (*See* Doc. 11, p. 5; Doc. 17).

as long as it is not unreasonable" under 28 U.S.C. § 2254(d). *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In other words, it is this Court's responsibility to determine whether the state appellate court reasonably applied the *Jackson* standard. *Id.*

In his objections, Petitioner argues that the Ohio Court of Appeals' decision was unreasonable because the evidence was insufficient to show he engaged in sexual conduct or in the requisite touching of T.S.'s genitalia to support convictions for rape or gross sexual imposition under Ohio law. (Doc. 17, pp. 5-6). In support, he points to conflicts between his testimony and the testimony of T.S., and argues that he did not manipulate his daughter Barresha into duplicating his story. (*Id.*) He also claims that T.S.'s testimony standing alone does not prove sexual conduct with her regarding insertion of his finger into her vagina. (*Id.* at 6).

As recognized by the Magistrate Judge and the Ohio Court of Appeals, in order to establish Petitioner's guilt for rape under Ohio Rev. Code § 2907.02(A)(1)(b), the State was required to prove beyond a reasonable doubt that Petitioner engaged in "sexual conduct" with another person, who was not his spouse and was less than thirteen years of age. "Sexual conduct" includes "the insertion, however slight, of any part of the body . . . into the vaginal or anal opening or another." Ohio Rev. Code § 2907.01(A). Moreover, to establish Petitioner's guilt for gross sexual imposition under Ohio Rev. Code § 2907.05(B), the State was required to prove beyond a reasonable doubt that Petitioner "knowingly touch[ed] the genitalia of another, when the touching is not through clothing, the other person is less than twelve years of age, . . . and the touching is done with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."

Having reviewed Ground One de novo in light of Petitioner's Objections, the Court concludes that the Magistrate Judge correctly determined that under the double-layer deferential

standard the Ohio Court of Appeals reasonably determined in accordance with *Jackson* that T.S.'s testimony was sufficient standing alone to establish Petitioner's guilt for the charged rape and gross sexual imposition offenses. (Doc. 11, p. 12) (citing *Tucker v. Palmer*, 541 F.3d 652, 658-59 (6th Cir. 2008) (and Sixth Circuit cases cited therein)). A rational juror could infer that Petitioner was guilty beyond a reasonable doubt of gross sexual imposition based on T.S.'s testimony that Petitioner placed his hand underneath her underwear and began rubbing the outside of her "private," which she indicated was the "vagina area" between her legs. (Doc. 9, Trial Tr. 158-59). A rational juror also could infer that Petitioner was guilty beyond a reasonable doubt of the rape offense based on T.S.'s testimony that Petitioner also inserted his fingers inside her vagina. (*Id.*, Trial Tr. 160).

Although Petitioner argues that he testified to the contrary and that Barresha was not improperly coached by him, the Magistrate Judge is correct that the reviewing court is precluded from re-evaluating the credibility or weighing the evidence, and is required to defer to the jury's resolution of the conflicts in the evidence in favor of the prosecution. (Doc. 11, pp. 12-13) (citing *Jackson*, 443 U.S. at 326). In any event, the Magistrate Judge also correctly recognized that, as noted by the Ohio Court of Appeals, other testimony supported T.S.'s version of events, including the testimony of T.S.'s mother and the testimony of Dr. Makoroff. (Doc. 11, p. 13) (citing Doc. 9, Trial Tr. 188-89, 193, 331, 337-38).

Viewing the evidence as a whole in favor of the prosecution and with deference to the jury's resolution of the credibility of the witnesses and conflicting testimony as required by *Jackson*, a rational juror could find Petitioner guilty of both rape and gross sexual imposition. Accordingly, the Magistrate Judge correctly determined that the Ohio Court of Appeals' adjudication of Petitioner's constitutional claim challenging the sufficiency of the evidence is

neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court in *Jackson.* Petitioner's first objection is overruled.

### B. Second Objection – Certificate of Appealability

Petitioner's second objection is based on the Magistrate Judge's recommendation that a certificate of appealability be denied. (*See* Doc. 11, p. 14; Doc. 17, p. 7-10). Petitioner's sole basis for objecting is that he, unlike the Magistrate Judge, believes that reasonable jurists would find it debatable whether his claim in Ground One should be resolved in a different manner. (*Id.*)

Despite Petitioner's objection being general and conclusory, the Court has reviewed it de novo and agrees with the Magistrate Judge that a certificate of appealability should not issue. To obtain a certificate of appealability when a petition is denied on the merits, the petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). This is accomplished by showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L Ed. 2d 1090 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

For the reasons discussed above, Petitioner has not made the requisite showings with respect to Ground One. Nothing in the Petition or the objections reveals that Petitioner has raised a substantial constitutional question or presented grounds for relief that are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability should not issue in this case, and Petitioner's second objection is overruled. Petitioner, however, remains

free to request the issuance of a certificate of appealability from the Court of Appeals. *See* 28 U.S.C. § 2253(c); Fed. R. App. 22(b).

      C.      **Third Objection – Leave to Appeal In Forma Pauperis**

Petitioner's third objection is based on the Magistrate Judge's recommendation that Petitioner be denied leave to proceed in forma pauperis on appeal. (*See* Doc. 11, p. 14; Doc. 17, p. 7-10). Petitioner's sole basis for objecting is that he, unlike the Magistrate Judge, believes that the appeal would be taken in good faith. (*Id.*)

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. For the reasons explained above and in the Report with respect to Ground One, the Court agrees with the Magistrate Judge (Doc. 11, p. 14) that an appeal of this Order adopting the Report would not be taken in "good faith" and that Petitioner should be denied leave to appeal in forma pauperis upon a showing of financial necessity. Petitioner, however, remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IV.**      **CONCLUSION**

Consistent with the foregoing, the Court hereby **OVERRULES** Petitioner's Objections (Doc. 17) and **ADOPTS** the Report (Doc. 11) in its entirety. It is **ORDERED** that:

    1.    Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) is **DENIED WITH PREJUDICE**.

    2.    Petitioner is **DENIED** a certificate of appealability. *See Slack*, 529 U.S. at 475. Petitioner, however, remains free to request the issuance of a certificate of

appealability from the Court of Appeals. *See* 28 U.S.C. § 2253(c); Fed. R. App. 22(b).

3. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the Report would not be taken in good faith, and therefore, **DENIES** Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Petitioner remains free to apply to proceed in forma pauperis in the Court of Appeals. *See Callihan*, 178 F.3d at 803.

**IT IS SO ORDERED**.

        s/Michael R. Barrett
        Michael R. Barrett, Judge
        United States District Court